UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:21-CR-182

v.                                        Hon. Janet T. Neff

MARVIN MAURICE COTTON, JR.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on October 14, 2022, after receiving the written consent of the defendant, the defendant's attorney, and the attorney for the government.   These consents were also placed on the record in open court.

Defendant Marvin Maurice Cotton, Jr. is charged in Count 2 of an Indictment with possession with intent to distribute cocaine.   On the basis of the record made at the hearing, I found that defendant was competent to enter a plea of guilty and that the plea was knowledgeable and voluntary with a full understanding of each of the rights waived by the defendant, that the defendant fully understood the nature of the charge and the consequences of the plea, and that the defendant's plea had a sufficient basis in fact which contained all of the elements of the offense charged.

I inquired into the conditional plea agreement. This guilty plea is conditional, in that the defendant reserves the right, on appeal from the judgment, to seek review of the adverse

1

determination of his motion to suppress, which is reflected in the Court's Order, ECF No. 64, PageID.326.   If the defendant prevails on appeal, the defendant will be allowed to withdraw his guilty plea.   I found the plea agreement to have been knowingly and voluntarily made and found that it fully reflected all of the promises made by the parties.

Accordingly, I accepted the plea of guilty, subject to final acceptance of the plea by the District Judge, and I specifically reserved acceptance of the plea agreement for the District Judge. I ordered the preparation of a presentence investigation report.

## **Recommendation**

Based upon the foregoing, I respectfully recommend that the defendant's plea of guilty to Count 2 of the Indictment be accepted, that the Court adjudicate the defendant guilty of that charge, and that the written plea agreement be accepted at, or before, the time of sentencing.

Dated:  October 17, 2022                                    /s/ Ray Kent
                                                            RAY KENT
                                                            United States Magistrate Judge

## **NOTICE TO PARTIES**

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing.  *See* W.D. Mich. LCrR 11.1(b).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v. Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert. denied,* 522 U.S. 1030 (1997); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).